## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

PHILIP THOMPSON,
  *Movant*

                                 Civil No. _____

    v.                                 Crim. No. 0101 1:13CR10285-1

UNITED STATES OF AMERICA,
  *Respondent*

## MOTION TO CORRECT SENTENCE UNDER 28 U.S.C § 2255

### INTRODUCTION

Petitioner, Phillip Thompson, through undersigned counsel, Paul J. Garrity, respectfully moves this Court to vacate and correct his sentence pursuant to 28 U.S.C. § 2255.

On April 22, 2014, Mr. Thompson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). On September 15, 2014, this Court sentenced Mr. Thompson to a term of 42 months' imprisonment, after finding a higher base offense level applied because of a prior felony conviction of a "crime of violence" under United States Sentence Guideline § 2K2.1(a)(4)(A). The Court found, after adopting the finding of the presentencing report, Mr. Thompson had one prior "crime of violence" which supported a higher base offense level than he was otherwise eligible for. The prior conviction was a Massachusetts conviction for Assault and Battery with a Dangerous Weapon on June 5, 2009. The Court's 42 month sentence was within the higher "crime of violence" sentencing range of 37 to 46 months. If Thompson had not been eligible for the higher offense level due to the "crime of violence" conviction, 2K2.1(a)(6) would have applied and his offense level after acceptance of responsibility would have been 10. Applying a Criminal History Category of IV, that level would have yielded a Guideline Sentencing Range of 15 to 21 months.

In light of the Supreme Court's recent decision in *Johnson v. United States,* 135 S. Ct.

2551 (June 26, 2015), Mr. Thompson is no longer eligible for the 2K2.1(a)(4)(A) offense level because his prior felony is not a "crime of violence."

In *Johnson,* the Supreme Court struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii), as unconstitutionally vague. 135 S. Ct. 2551, 2557 (2015). It follows from *Johnson* that the identical residual clause in the career offender provision (U.S.S.G. § 4Bl.2 (a)(2)) is also void for vagueness.  The 2K2.1 application note specifically states "crime of violence" is given the same meaning as that term in 4B1.2(a). Thus, the only remaining question here is whether his Massachusetts Assault and Battery with a Dangerous Weapon conviction is a "crime of violence" under the enumerated offense clause or elements clause of the career offender provision (U.S.S.G. § 4Bl.2 (a)(2)).  It does not qualify as a "crime of violence" under the enumerated offenses clause because it is not a generic burglary of a dwelling, arson, extortion, or use of explosives offense. Likewise, it does not qualify as a "crime of violence" under the elements clause because 1) it does not have as an element the use, attempted use, or threat of violent physical force, and/or 2) it does not require the *intentional* use, attempted use, or threatened use of violent physical force.  Hence, Mr. Thompson is not eligible for the 2K2.1(a)(4)(A) offense level and his current sentence violates due process of law in violation of 28 U.S.C. § 2255(a).

Mr. Thompson's petition is timely under 28 U.S.C. § 2255(f)(3) because he filed it well within one year of the Supreme Court's decision in *Johnson*-a ruling which established a "newly recognized" right that is "retroactively applicable to cases on collateral review." Therefore, Mr. Thompson respectfully requests this Court grant his § 2255 motion, vacate his current sentence, and re-sentence him.

As grounds for this motion, Mr. Thompson states as follows:

**STATEMENT OF FACTS**

On April 22, 2014, Mr. Thompson pled guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  On September 15, 2014, this Court sentenced Mr. Thompson to 42 months.  The Court found Mr. Thompson eligible for sentencing under 2K2.1(a)(4)(A) after adopting the finding of the presentence report that he has a prior felony conviction for a "crime of violence."  Specifically, the Court found Mr. Thompson's June 2009 Massachusetts conviction for Assault and Battery with a Dangerous Weapon was a "crime of violence."  The Court's determination that 2K2.1(a)(4)(A) was appropriate subjected Mr. Thompson to a Guideline Sentence Range of 37 to 46 months (offense level 17, criminal history category IV). The Court sentenced Mr. Thompson to 42 months imprisonment.  Without the 2K2.1(a)(4)(A) level enhancement, Mr. Thompson's Guideline range would have been 15 to 21 months (offense level 10, criminal history category IV).

On June 26, 2015, the Supreme Court issued its decision in *Johnson,* 135 S. Ct. 2551. The Court invalidated the ACCA's residual clause because it denied fair notice and invited arbitrary enforcement and was therefore void for vagueness under the Due Process Clause. Under *Johnson,* the identical residual clause in the career offender guideline is also void for vagueness and therefore could not be used to define "crime of violence" under the 2K2.1(a) higher offense level.  Mr. Thompson asserts his conviction for Assault and Battery with a Dangerous Weapon is not a "crime of violence," and he is not eligible for sentencing under the 2K2.1(a)(4)(A) level enhancement.

**ARGUMENT**

I.   **IN LIGHT OF *JOHNSON,* MR. THOMPSON DOES NOT QUALIFY FOR THE 2K2.1(a)(4)(A) ENHANCED OFFENSE LEVEL.**

A defendant is subject to enhanced offense level if a prior offense qualifies as a "crime of violence."  According to the career offender guideline, which is the source of the 2K2.1(a)(4)(A)

term, a prior crime is a "crime of violence" if it is "punishable by imprisonment for a term exceeding one year" and it:

> (1) has as an element the use, attempted use, or threatened use of physical force against the person of another (known as the elements clause or force); or
>
> (2) is burglary of a dwelling, arson, or extortion, involves use of explosives (known as the enumerated offenses clause), *or otherwise involves conduct that presents a serious potential risk of physical injury to another* (known as the residual clause)

U.S.S.G. § 4Bl.2 (a) (emphasis added).

The Supreme Court held in *Johnson* that ACCA's residual clause (18 U.S.C. § 924(e) (2) (B)(ii)), which is identical to the residual clause referenced above, was unconstitutionally void for vagueness in all applications. It follows from *Johnson* that the identical residual clause in the U.S. Sentencing Guidelines is also void for vagueness. Therefore, an offense can now only qualify as a "crime of violence" if it is either one of the enumerated offenses (burglary of a dwelling, arson, extortion, or use of explosives) or satisfies the elements clause. Mr. Thompson's Massachusetts conviction for Assault and Battery with a Dangerous Weapon does not qualify as one of the enumerated offenses, nor does it satisfy the elements clause. Therefore, Mr. Thompson is not eligible for the 2K2.1(a)(4)(A) enhanced offense level.

A. *Johnson* **renders the "crime of violence" residual clause void for vagueness**
Mr. Thompson's conviction for Assault and Battery with a Dangerous Weapon cannot qualify under§ 4Bl.l(a)(2)'s residual clause, defining a "crime of violence" as "otherwise involv[ing] conduct that presents a serious potential risk of physical injury to another," because that clause is void for vagueness. In *Johnson*, the Supreme Court declared the identical residual clause of the ACCA (18 U.S.C. § 924(e)(2)(B)(ii)) to be "unconstitutionally vague" because the "indeterminacy of the wide-ranging inquiry required by the residual clause both denies fair

notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. Thus, "[i]ncreasing a defendant's sentence under the clause denies due process of law." *Id* The Court held the residual clause "vague in all its applications," *id.* at 2561, and overruled its contrary decisions in *James v. United States*, 550 U.S. 192 (2007), and *Sykes v. United States*, 131 S. Ct. 2267 (2011).

*Johnson* applies to § 4Bl.2(a)(2)'s residual clause. This District has stated invoking the career offender residual clause to create a higher sentence violates due process, citing *Johnson's* statement the residual clause it considered had unavoidable uncertainty. *United States v. Ramirez,* No. 10-10008-WGT, 2016 WL 3014646, at *4 (D Mass. May 24, 2016)  It stated the new rule was the application of the *Johnson* vagueness holding to invalidate the guideline's residual clause. *Id* at *6. The career offender guideline's residual clause was adopted from and repeats the ACCA's residual clause verbatim.[1]  Because § 4Bl.2 (a)(2)'s residual clause is identical to the ACCA's residual clause, the First Circuit and every other circuit interpret the clauses identically. *United States v. Willings,* 588 F.3d 56, 58 n.2 (1st Cir. 2009) ("[T]he terms 'crime of violence' under the career offender guideline and 'violent felony' under the ACCA are nearly identical in meaning, so that decisions construing one term informs the construction of the other."); *United States v. Mead,* 773 F.3d 429,432 (2nd Cir. 2014)("In interpreting the reach of § 4Bl.2(a)(2)'s residual clause, we employ a categorical approach, with an eye to case law interpreting an identical clause in the ACCA that defines 'violent felony.'"); *Royce v. Hahn,* 151 F.3d 116, 120 (3d Cir. 1998)("crime of violence" and "violent felony" "should be read consistently with each other"); *United States v. Vann,* 660 F.3d 771, 773 n.2 (4th Cir. 2011)(en banc)("We routinely rely on decisions interpreting either of those enhancement provisions in ascertaining whether a prior conviction is a crime of violence under the Guidelines or a violent

---

[1] *See,* U.S.S.G., App. C, Amend. 268 (1989).

felony under the ACCA"); *United States v. Carthorne,* 726 F.3d 503, 511 n.6 (4th Cir. 2013)("We rely on precedents addressing whether an offense is a crime of violence under the Guidelines interchangeably with precedents evaluating whether an offense constitutes a violent felony under the Armed Career Criminal Act ... as the two terms are defined in a substantively identical manner")(internal quotation marks and citation omitted); *United States v. Moore,* 635 F.3d 774 (5th Cir. 2011)("Because of the similarities between ... 4Bl.2(a) ... and 18 U.S.C. § 924(e), we treat cases dealing with these provisions interchangeably."); *United States v. Denson,* 728 F.3d 603, 607 (6th Cir. 2013)("[W]e analyze a crime of violence under the career-offender guideline just as we do a 'violent felony' under the Armed Career Criminal Act (ACCA)"); *United States v. Womack,* 610 F.3d 427,433 (7th Cir. 2010)("We interpret conterminously the ACCA and the career offender§ 4Bl.1 provision."); *United States v. Boose,* 739 F.3d 1185, 1187 n.1 (8th Cir. 2014)("[W]e construe 'violent felony' under [the ACCA] and 'crime of violence' under the Guidelines as interchangeable, including the corresponding ... residual clauses."); *United States v. Coronado,* 603 F.3d 706, 709 (9th Cir. 2010)("[B]ecause the language of both the ACCA and the [career offender] Guideline adopt the same 'serious risk of injury' test ... the definitions should be interpreted similarly."); *United States v. Wray,* 776 F.3d 1182, 1184-85 (10th Cir. 2015)(because "[t]he 'crime of violence' definition set forth in the career-offender guideline,§ 4Bl.2, is virtually identical to the definition of 'violent felony' contained in the Armed Career Criminal Act (ACCA)[,] ... [ o ]ur approach[] is guided by a line of Supreme Court cases interpreting the scope of§ 924(e)(2)(B)")(citations omitted); *United States v. Alexander,* 609 F.3d 1250, 1253 (11th Cir. 2010)("[T]he residual clauses are identical[.] Accordingly, we look to the Supreme Court's opinions applying the ACCA ... for guidance in considering whether an offense qualifies as a crime of violence under the Sentencing Guidelines."); *In re Sealed Case,* 548 F.3d

1085, 1089 (D.C. Cir. 2008)("As this language mirrors the definition of a 'violent felony' under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(i), we apply the ACCA standard to determine whether an offense qualifies as a crime of violence under section 4Bl.2."). In this very context, the courts of appeals have treated the Supreme Court's rejection of suggestions that the ACCA's residual clause was unconstitutionally vague in *James* and *Sykes* as binding authority foreclosing any vagueness challenge to the Guidelines' residual clause.[2]

Indeed, the Court in *Johnson* relied on four lower court decisions interpreting § 4Bl.2(a)(2)'s residual clause (and only two ACCA decisions) to demonstrate that it "has proved nearly impossible" to "make sense of the residual clause." *See* 135 S. Ct. at 2559-60 (analyzing *United States v. Carthorne,* 726 F.3d 503 (4th Cir. 2013); *United States v. Whitson,* 597 F.3d 1218 (11th Cir. 2010); *United States v. McDonald,* 592 F.3d 808 (7th Cir. 2010); *United States v. Williams,* 559 F.3d 1143 (10th Cir. 2009)). And the Court has vacated and remanded seventeen lower court decisions in which defendants had been sentenced under § 4B l.2(a)'s residual clause, including five cases on collateral review, in light of *Johnson.*[3]

---

[2] *See, e.g., United States v. Ramirez,* 708 F.3d 295,307 n.13 (1st Cir. 2013)(rejecting vagueness challenge to the guidelines' residual clause in light of *James); United States v. Van Mead,* 773 F.3d 429,438 n.7 (2d Cir. 2014)(Supreme Court "implicitly repudiated" any argument that the guidelines' residual clause was void for vagueness); *United States v. Mobley,* 687 F.3d 625,632 n.7 (4th Cir. 2012) (vagueness challenge to Guidelines' residual clause must be rejected because "the Supreme Court has already determined that the residual clause ... constitutes an intelligible principle [that] provides guidance that allows a person to conform his or her conduct to the law.")(internal quotations omitted); *United States v. Cowan,* 696 F.3d 706, 708 (8th Cir. 2012)("based on Supreme Court precedent in *James* and *Sykes,* we conclude that Cowan's argument that§ 4Bl.2 is unconstitutionally vague necessarily fails"); *United States v. Spencer,* 724 F.3d 1133, 1137-78 (9th Cir. 2013) (claim that§ 4Bl.2(a)'s residual clause is unconstitutionally vague "foreclosed by Supreme Court precedent [in *James* and *Sykes]"); See United States v. Orona,* 724 F.3d 1297, 1311 (10th Cir. 2013)(holding the residual clause not impermissibly vague based on the "[Supreme] Court's consistent rejection of [the] vagueness argument [in *James* and *Sykes]* and the unanimous conclusion of our sibling circuits"); *United States v. Travis,* 747 F.3d 1312, 1314 n. 1 (11th Cir. 2014) (vagueness challenge to guidelines' residual clause foreclosed by binding precedent" in *James).*

[3] The GVRs include fifteen career offender cases, *see Caldwell v. United States,* 136 S. Ct. 417 (2015); *Banks v. United States,* 136 S. Ct. 365 (2015); *McCarthren v. United States,* 136 S. Ct. 332 (2015); *Gonzales v. United States,* 136 S. Ct. 84 (2015); *Maldonado v. United States,* 135 S. Ct. 2929 (2015);

The Second, Third, Sixth, and Tenth Circuits have held that *Johnson* invalidates the identical language in the Guidelines.[4] As the Tenth Circuit explained, "Given our reliance on the ACCA for guidance in interpreting § 4Bl.2, it stretches credulity to say that we could apply the residual clause of the Guidelines in a way that is constitutional, when courts cannot do so in the context of the ACCA."[5] The First, Fifth, and Ninth Circuits have applied *Johnson* to the Guidelines' residual clause based on the government's concession that it is unconstitutionally vague, and remanded for resentencing absent the unconstitutional residual clause.[6] Consistent with these decisions, the Fourth Circuit has assumed that *Johnson* invalidates the Guidelines residual clause.[7] The Seventh and Eighth Circuits, the only two that previously held that the Guidelines were not subject to vagueness challenge, are poised to reject those holdings, and have assumed in the meantime that those decisions are no longer good law after *Johnson*.[8] Only the

---

*Smith v. United States,* 135 S. Ct. 2930 (2015); *Vina/es v. United States,* 135 S. Ct. 2928 (2015); *Richardson v. United States,* No. 15-6053, 2016 WL 763200 (S. Ct. Feb. 29, 2016); *Moon v. United States,* No. 15-7189, 2016 WL 1173109 (S. Ct. Mar.28.2016); *Jeffeies v. United States,* No 15-7300, 2016 WL 1173110 (S. Ct. Mar. 28, 2016); *Beckles v. United States,* 135 S. Ct. 2928 (2015) (§ 2255 motion); *Denson v. United States,* 135 S. Ct. 2931 (2015) (§ 2255 motion); *Jones v. United States,* 135 S. Ct. 2944 (2015) (§ 2255 motion); *Jones v. United States,* 136 S. Ct. 333 (2015) (§ 2255 motion); *Wynn v. United States,* 135 S. Ct. 2945 (2015) (§ 2255 motion); one § 2K2.1 case, *see Ta/more v. United States,* 135 S. Ct. 2937 (2015); and one § 7Bl.1 case, *see Cooper v. United States,* 135 S. Ct. 2938 (2015).

[4] *United States v. Madrid,* 805 F.3d 1204, 1210-11 (10th Cir. 2015); *United States v. Collins* 799 F.3d 554,596 (6th Cir. 2015); *United States v. Harbin,* 610 F. App'x 562,563 (6th Cir. July 6, 2015); *United States v. Darden,* 605 F. App'x 545, 546 (6th Cir. July 6, 2015); *United States v. Townsend,_* F, App'x _, 2015 WL 9311394, at *4 (3d Cir. Dec. 23, 2015); *United States v. Welch,* No. 12-4402, 2016 WL 536656, at *4 (2d Cir. Feb. 11, 2016).

[5] *Madrid,* 805 F.3d at 1211.

[6] *United States v. Soto-Rivera,* 811 F.3d 53, 59 (1st Cir. 2016); Order, *United States v. Estrada,* No. 15-40264 (5th Cir. Oct. 27, 2015); *United States v.* Benavides, 617 F. App'x 790, 790 (9th Cir. 2015); Order, *United States v. Talmore,* No. 13-10650 (9th Cir. Aug. 24, 2015).

[7] *United States v. Tucker,_* F. App'x _, 2016 WL 212502, at *1 (4th Cir. Jan. 19, 2016)(affirming because even without the prior offense upon which the sentencing court relied, the defendant had been convicted of a drug offense that qualified as a crime of violence).

[8] The Eighth Circuit explained that its "reasoning in *Wivell* that the guidelines cannot be unconstitutionally vague ... is doubtful after *Johnson,"* but left for the district court to decide in the first instance on remand whether the guidelines' residual clause is unconstitutional. *United States v. Taylor,* 803 F.3d 931, 932 (8th Cir. 2015)(citing *Wivell v. United States,* 893 F.2d 156, 159 (8th Cir. 1990)). The Seventh Circuit has assumed "that the Supreme Court's reasoning [in *Johnson]* applies to section 4Bl.2."

Eleventh Circuit has held otherwise, and directed district courts to "still adhere" to decisions overruled by the Supreme Court in *Johnson, see United States v. Matchett,* 802 F.3d. 1185, 1195-96 (11th Cir. 2015), notwithstanding that those decisions "have proved to be anything but evenhanded, predictable, or consistent," *Johnson,* 135 S. Ct. at 2563, and "do[] not comport with the Constitution's guarantee of due process," *id.* at 2560.

The Department of Justice has argued across the country that *Johnson* applies to the residual clause. In a brief filed by the Criminal Division of the Appellate Section of the Department of Justice, the government conceded that *Johnson's* constitutional holding regarding the ACCA's residual clause applies to the residual clause of the career offender guideline, 4Bl.2(a)(2), and to the other guidelines that incorporate that residual clause as well.[9] United States Attorneys' Offices across the country have followed suit.[10]

---

*Ramirez v. United States,* 799 F.3d 845, 856 (7th Cir. 2015). It heard oral argument on December 2, 2015 in three cases in which the parties agree that *United States v. Tichenor,* 683 F.3d 358 (7th Cir. 2012), which held that the guidelines cannot be unconstitutionally vague, is no longer good law in light of *Johnson. United States v. Gillespie,* No. 15--1686; *United States v. Hurlburt,* No. 14-3611; *United States v. Rollins,* No. 13-1731. The government argues in these cases that "the identical language [in § 4B 1.2] is unconstitutionally vague under *Johnson,"* that *Johnson* "rejected" *Tichenor 's* view that sentencing provisions are not subject to vagueness challenges, and that *Peugh v. United States,* 133 S. Ct. 2072 (2013) "repudiated" its view that the advisory guidelines do not have legal force. Brief of Plaintiff-Appellee at 9, 13-14, *United States v. Gillespie,* No. 15-1686 (7th Cir. Sept. 14, 2015).

[9] *See* Supp. Br. for United States at 6-10, *United States v. Pagan-Soto,* No. 13-2243, 2015 WL 4872453 (1st Cir. Aug. 11, 2015). In addition to the career offender Guideline, the Department of Justice concedes that *Johnson* applies to U.S.S.G. §§ 2Kl.3 & cmt. n.2 (explosive materials); 2K2.1 & cmt. n.1 (firearms); 2Sl.1 & cmt. n.1 (money laundering); 4Al.l(e), 4Al.2(p) (criminal history); 5K2.17 & cmt. n.1 (departure for semi-automatic firearms); and 7Bl.l(a)(l) & cmt. n.2 (probation and supervised release). Id. at 6.

[10] *See* Resp. Brief of the United States at 38, *In re Hubbard,* No. 15-276 (4th Cir. Dec. 21, 2015)(*"Johnson's* holding that the ACCA residual clause is invalid applies to the identically worded residual clause in the [] career offender guideline"); Brief of the United States, at 3 8, *Lee v. United States,* No. 15-6099 (4th Cir. Dec. 23, 2015) (*"Johnson* applies to the career offender guideline's residual clause"); Letter Br. for United States, *United States v. Zhang,* No. 13-3410 (2d Cir. Aug. 13, 2015); Supp. Br. for United States, *United States v. Talmore,* No. 13-10650, 2015 WL 5076250 (9th Cir. Aug. 17, 2015); Supp. Letter Br. the United States at 2-4, *United States v. Lee,* No. 13-10507 (9th Cir. Aug. 17, 2015); United States Supp. 28G) Auth., *United States v. Smith,* No. 14-2216 (10th Cir. Aug. 20, 2015); Appellee's Supp. Br. at 3-10, *United States v. Madrid,* No. 14-2159, 2015 WL 4985890 (10th Cir. Aug. 20, 2015); Supp. Br. for Plaintiff-Appellee United States at 4-8, *United States v. Grayer,* No. 14-6294, 2015 WL 4999426 (6th Cir. Aug. 20, 2015); United States' Supp. Br. at 7-9, *United States v. Goodwin,* No. 13-1466, 2015 WL 4999435 (10th Cir. Aug. 21, 2015); Supp. Letter Br. for United States, *United*

B. **Mr. Thompson's conviction is does not qualify as a "crime of violence" under the elements clause.**

1. **The categorical approach applies in determining whether a conviction qualifies as a "crime of violence" under the elements clause**

In determining whether an offense qualifies as a "crime of violence" under the elements clause, sentencing courts must employ a categorical approach. *See, Descamps v. United States,* 133 S. Ct. 2276, 2283 (2013); *United States v. Royal,* 731 F.3d 333, 341-41 (4th Cir. 2013); *United States v. Fish*, 758 F.3d 1, 507 (1st Cir. 2014). This approach requires courts look only to the statutory definitions - i.e., the elements - of the offense and not to the particular underlying facts. *Descamps,* 133 S .. Ct. at 2283. In addition, under the categorical approach, an offense can only qualify as a crime of violence" if all of the criminal conduct covered by a statute, "including the most innocent conduct," matches or is narrower than the "crime of violence" definition. *Fish,* 758 F.3d at 6. If the most innocent conduct penalized by a statute does not constitute a "crime of violence," then the statute categorically fails to qualify as a "crime of violence." Another approach, the modified categorical approach, applies in cases where the statute is divisible, In *Descamps,* the Court emphasized that a statute is divisible (and subject to the modified categorical approach) only when it consists of alternative elements through which the offense may be proven. 133 S.Ct. at 2283.  In that situation the Court can look to a limited set of documents under *Shepard* and *Taylor,* such as the charging document, and the plea colloquy, to determine which part of the divisible statue was violated.

As a result, *post-Descamps,* for an offense to qualify as a "crime of violence" under the elements clause, the offense must have as an element the use, attempted use, or threatened use of "physical force" against another person. U.S.S.G. *§* 4B1.2(a)(I)**.** And "physical force" means

*States v. Matchett,* No. 14-10396 (11th Cir. Aug. 27, 2015); Supp. Letter Br. for United States, *United States v. Townsend,* No. 14-3652, 2015 WL 5112425 (3d Cir. Aug. 28, 2015); Br. of Plaintiff-Appellee at 8-14, *United States v. Gillespie,* No. 15-1686 (7th Cir. Sept. 14, 2015); United States' Unopposed Motion to Remand for Resentencing in Light of *Johnson,* at 8-12, *United States v. Estrada,* No. 15-40264 (5th Cir. Oct. 8, 2015).

*"violent* force-that is, force capable of causing physical pain or injury to another person."

*Johnson v. United States,* 559 U.S. 133, 140 (2010) (emphasis in original).  As further detailed

below, Mr. Thompson's conviction of Assault and Battery with a Dangerous Weapon is not a

"crime of violence."

> **2. Mr. Thompson's conviction for Assault and Battery with a Dangerous Weapon is not a "crime of violence."**

Before *Johnson,* Assault and Battery with Dangerous Weapon (ABDW) was considered a

violent felony under the ACCA's residual clause. *See United States v. Glover*, 558 F.3d 71, 79-

82 (1st Cir. 2009); *see also United States v. Hart*, 674 F.3d 33, 40-44 (1st Cir. 2012). With

*Johnson* striking the residual clause, ABDW must satisfy the force (element) clause. It does not.

*See United States v. Parnell*, No. 14-30208, 2016 WL 1633167, at *5 n.5 (9th Cir. Apr. 12,

2016) (Mass. ABDW does not satisfy ACCA force clause).

Massachusetts ABDW does not meet the force clause because it does not require the

violent force *Johnson* requires.  ABDW may be premised on a "touching however slight." The

First Circuit so held in *United States v. Fish,* when considering whether Massachusetts ABDW

was a crime of violence under 18 U.S.C. § 16(a). The force clause of section 16(a) is identical to

the force clause of § 924(e)(2)(B)(i) except that it includes force against the person *or property* of

another, defining a crime of violence as "an offense that has as an element the use, attempted

use, or threatened use of physical force against the person or property of another." In *Fish,* the

court applied the holding in *Johnson v. United States,* 559 U.S. 133, 140 (2010)- force means

*"violent* force" -to the force clause of § 16(a). 758 F.3d at 9. It then held that "since ABDW may

be accomplished by a mere 'touching, however slight,' it does not have 'as an element the use' of

physical force." *Id.* (internal citation omitted). *Fish's* holding binds this Court[11]. Because a "slight touching," like a tap on the arm, can meet the elements of ABDW, and *Johnson* requires violent force capable causing pain or injury, Massachusetts ABDW fails to satisfy the force clause, meaning it cannot be a "crime of violence."

ABDW can be proven through either a harmful battery or a reckless battery, as explained below. This leads to a question whether the statute is divisible, and therefore subject to the modified categorical approach. If the statute was divisible, and Mr. Quirk's charged crime were under the higher level of harm, then ABDW might meet the force requirement. The elements of Massachusetts ABDW include those of assault and battery and the additional element that the battery be accomplished with a dangerous weapon. *See Commonwealth v. Appleby,* 380 Mass. 296, 306 (1980). In *Appleby,* the SJC defined ABDW as follows:

> "An assault and battery is the intentional and unjustified use of force upon the person of another, *however slight ... "* Under §15A, the battery must be accomplished by means of the dangerous weapon, and not merely while possessing the weapon. [ citations omitted]. Therefore, § 15A requires an assault by means of a dangerous weapon, ... and also an intentional, unjustified touching, however slight, *by means of that dangerous weapon.*

380 Mass. at 306 (internal citations omitted). *See also Commonwealth v. Ford,* 424 Mass. 709, 711-712 (1997) (discussing "intentional theory" of ABDW and stating Commonwealth was required "to prove beyond a reasonable doubt that the defendant intended to commit an assault by means of a dangerous weapon, and having intended to commit the assault did touch the victim with the dangerous weapon"). ABDW may be committed intentionally *or* recklessly. *See Commonwealth v. Burno,* 396 Mass. 622, 625 (1986). That fact does not automatically make the statute divisible.

---

[11] But see <u>United States v. Fields</u>, —F. 3d—, 2016 WL 2821485 (1ˢᵗ Cir. May 13, 2016).

Massachusetts ABDW is indivisible because unanimity is not required when jurors determine the degree of force used to commit the offense, and unanimity is not required when jurors opt between intentional ABDW and reckless ABDW. *See Commonwealth v. Davis,* 83 Mass.App.Ct. 1108 (2013) (a jury need not reach unanimity with respect to whether a battery was harmful or offensive); *Commonwealth v. Mistretta,* 84 Mass.App.Ct. 906, 907 (2013) (a jury need not reach unanimity with respect to whether a battery was intentional or reckless). Massachusetts jury instructions are in accord. The Massachusetts District Court Model Jury Instructions for intentional ABDW provide as follows:

> In order to prove the defendant guilty of this offense, the Commonwealth must prove three things beyond a reasonable doubt:
>
> *First:* That the defendant touched the person of [alleged victim], however slightly, without having any right or excuse for doing so;
>
> *Second:* That the defendant intended to touch [alleged victim]; and
>
> *Third:* That the touching was done with a dangerous weapon.

Instruction 6.300 (available at http://vvww.mass.gov/courts/docs/courts-andjudges/ courts/district-court/jurv-instructions-criminal/6000-9999/6300-assault-and-batterv-bymeans-of-a-dangerous-weapon.pd!).

The model jury instructions for reckless ABDW provide:

In order to prove that the defendant is guilty of having committed a reckless assault and battery by means of a dangerous weapon, the Commonwealth must prove three things beyond a reasonable doubt:

> *First:* That the defendant engaged in actions which caused bodily injury to [alleged victim]. The injury must be sufficiently serious to interfere with the alleged victim's

health or comfort. It need not be permanent, but it must be more than trifling. For example, an act that only shakes up a person or causes only momentary discomfort would not be sufficient.

*Second:* That the bodily injury was done with a dangerous weapon; and

*Third:* That the defendant's actions amounted to reckless conduct. It is not enough for the Commonwealth to prove that the defendant acted negligently - that is, in a manner that a reasonably careful person would not. It must be shown that the defendant's actions went beyond mere negligence and amounted to recklessness. The defendant acted recklessly if he (she) knew, or should have known, that such actions were very likely to cause substantial harm to someone, but he (she) ran that risk and went ahead anyway ....

Id.[12]    The lack of unanimity in the ABDW context means that Massachusetts ABDW has alternative means rather than alternative elements, and is indivisible. As discussed above, Massachusetts ABDW is not a "crime of violence."

## II.    **Mr. Thompson's claim is cognizable under § 2255(a)**

A federal prisoner may move to "vacate, set aside or correct" his sentence if it "was imposed in violation of the Constitution." 28 U.S.C. § 2255(a). Mr. Thompson's 42 month sentence was imposed in violation of the Constitution because it was predicated on the residual clause, the residual clause is "unconstitutionally vague," and "imposing an increased sentence under the residual clause ... violates the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2563. As demonstrated above, *Johnson's* constitutional holding regarding ACCA's residual clause applies to the identically worded residual clause in U.S.S.G. § 4Bl.2(a) and by extension

---

[12] The instructions for ABDW suggest that a unanimity instruction be given "[i]f both the intentional and reckless theories of culpability are submitted to the jury[.]" This admonition predates *Mistretta,* and the cases cited in support of giving a unanimity instruction are not assault and battery cases, as was *Mistretta,* or ABDW cases.

the definition of "crime of violence" under 2K2.1. Thus, Mr. Thompson's claim for relief is

cognizable under the plain language of § 2255(a).

This is all that is required. Because Mr. Thompson's sentence was imposed "in violation

of the Constitution," 28 U.S.C. § 2255(a), the "fundamental defect" standard applicable to

ordinary claims of statutory error does not apply. Only a non-jurisdictional, non-constitutional

error of law must constitute "a fundamental defect which inherently results in a complete

miscarriage of justice" in order to be cognizable. *Hill v. United States,* 368 U.S. 424, 428 (1962);

*see also United States v. Addonizio,* 442 U.S. 178, 185 (1979); *Davis v. United States,* 417 U.S.

333, 343-344 (1974); *United States v. Foote,* 784 F.3d 931, 936 (4th Cir. 2015) ("[I]f the alleged

sentencing error is neither constitutional nor jurisdictional, a district court lacks authority to

review it unless it amounts to 'a fundamental defect which inherently results in a complete

miscarriage of justice.'") (citations omitted); *Narvaez v. United States,* 674 F.3d 621, 623 (7th Cir.

2011) ("The term 'miscarriage of justice' comes from the Supreme Court's holding that a non-

jurisdictional, non-constitutional error of law is not a basis for collateral attack under § 2255

unless the error is 'a fundamental defect which inherently results in a complete miscarriage of

justice.'")(citations omitted).

A claim based on *Johnson,* in contrast, is constitutional and therefore cognizable in a

Guidelines case. *See Coleman v. United States,* 763 F.3d 706, 708 (7th Cir. 2014) (although an

erroneous determination of an advisory guideline range "generally [is] not cognizable on a 2255

motion," relief "is available" for "an error of constitutional ... magnitude"); *Sun Bear v. United*

*States,* 644 F.3d 700, 704 (8th Cir. 2011) (recognizing that "fundamental defect" standard does

not apply to constitutional or jurisdictional error); Order, *Brown v. United States,* No. 15-10025

(11th Cir. Sept. 2, 2015) (granting certificate of appealability because although a claim that a

defendant was misclassified as a career offender "is generally not cognizable" under circuit law applicable to errors of statutory interpretation, *"Johnson* involved a claim of constitutional error"). Because constitutional claims are always cognizable, and *Johnson's* constitutional holding applies with equal force to the Guidelines' "crime of violence" definition residual clause, Mr. Thompson's *Johnson* claim is cognizable.


III.     **Johnson applies retroactively on collateral review**

Under the retroactivity principles of *Teague v. Lane,* 489 U.S. 288 (1989), a Supreme Court decision applies retroactively to cases on collateral review if it announces a "new" rule that is "substantive." *Schriro v. Summerlin,* 542 U.S. 348,351 (2004). *Johnson* satisfies both requirements. In *Welch v. United States,* 193 L. Ed. 2d 534, 2016 U.S. LEXIS 5 (No. 15-6418, April 18, 2016) the Supreme Court held that *Johnson* was substantive and that it was therefore retroactive to cases on collateral review in the context of the ACC statute. The same analysis should apply in the context of career offender issues.

First, the Supreme Court's decision in *Johnson* announced a new rule. A case announces a new rule if the result was not "dictated by precedent existing at the time the defendant's conviction became final." *Chaidez v. United States,* 133 S. Ct. 1103, 1107 (2013)(quoting *Teague v. Lane,* 489 U.S. at 301). *Johnson* expressly overruled *James* and *Sykes,* which had previously found that the residual clause was not void for vagueness. *See Johnson,* 135 S. Ct. at 2563 ("Our contrary holdings in *James* and *Sykes* are overruled"). "The explicit overruling of an earlier holding no doubt creates a new rule." *Whorton v. Bockting,* 549 U.S. 406,416 (2007) (citation omitted). As the Seventh Circuit held: *"Johnson* announces a new rule: it explicitly overrules the line of Supreme Court decisions that began with *Begay,* and it broke new ground

by invalidating a provision of the ACCA." *Price v. United States,* 795 F.3d 731, 732 (7th Cir. 2015); *accord In re Watkins,* 810 F.3d 375,382 (6th Cir. 2015).

Second, *Johnson* is substantive. A rule is substantive "if it alters the range of conduct or the class of persons that the law punishes."*Summerlin,* 542 U.S. at 353; *see also Montgomery v. Louisiana,* 136 S. Ct. 718, 732 (2016) (substantive rules include those that "prohibit a certain category of punishment for a class of defendants because of their status or offense," or that "alter the range of conduct or the class of persons that the law punish~s"). Substantive rules also include those that "narrow the scope of a criminal statute by interpreting its terms." *Summerlin,* 542 U.S. at 351-52 (citing *Bousley v. United States,* 523 U.S. 614, 620-21 (1998)). *Johnson* is substantive because it not only narrows the scope of the residual clause by interpreting its terms, but excises it altogether and prohibits recidivist punishment for a class of persons because of their status.

All but one court of appeals to address the issue has held that *Johnson* announced a substantive rule. [13] *See In re Watkins,* 810 F.3d at 382 (agreeing with the government that *Johnson* is substantive because "[its] holding prohibits a certain category of punishment for a class of defendants based on their status: increased sentences for those defendants 'whose predicate offenses only qualify as such under the residual clause.'"); *Price,* 795 F.3d at 734 (*"Johnson,* we conclude, ~ounced a new substantive rule. In deciding that the residual clause is unconstitutionally vague, the Supreme Court prohibited 'a certain category of punishment for a class of defendants because of their status.'"); *In re Rivero,* 797 F.3d 986, 989, 991 (11th Cir. 2015) (rule announced in *Johnson* is "substantive" because it "narrow[ ed] the scope of [section]

---

[13] The Fifth Circuit has held that *Johnson* is not substantive. *See In re Williams,* 806 F.3d 322, 326 (5th Cir. 2015). The Supreme Court decision in *Welch* has resolved that issue.

924( e) by interpreting its terms" and "narrowed the class of people who are eligible for an increased sentence under the Armed Career Criminal Act").

The conclusion that *Johnson* applies retroactively to cases on collateral review is also supported by the fact that the Supreme Court granted *certiorari* for the purpose of vacating and remanding in light of *Johnson* in numerous cases involving collateral attacks, including five in which the prisoner was sentenced under the Guidelines.[14]

The rule announced in *Johnson* is therefore retroactive in ACCA and Guidelines cases alike.[15] A new rule that is substantive is retroactive on collateral review to all cases in which the rule applies.[16] As demonstrated above, *Johnson* applies to the Guidelines. New rules that narrow the definition of "violent felony" in the ACCA apply retroactively to Guidelines cases on collateral review. *See United States v. Doe,* 810 F.3d 132, 154 & n.13 (3d Cir. 2015) (holding that *Begay v. United States,* 553 U.S. 137 (2008) applies retroactively in Guidelines cases, and noting that "[u]nder *Teague,* either a rule is retroactive or it is not"); *Narvaez v. United States,* 674 F.3d 621, 625-26 (7th Cir. 2011)(holding that *Begay* and *Chambers v. United States,* 555 U.S. 122 (2009) are "substantive decisions that 'prohibit[] a certain category of punishment for a

---

[14] *See Jones v. United States,* 136 S. Ct. 333 (2015)(vacating *Jones v. United States,* 597 F. App'x 1064 (11th Cir. 2015) (affirming denial of§ 2255 motion)); *Denson v. United States,* 135 S. Ct. 2931 (2015) (vacating *Denson v. United States,* 569 F. App'x 710 (11th Cir. 2014) (same)); *Beckles v. United States,* 135 S. Ct. 2928 (2015) (vacating *Beckles v. United States,* 579 F. App'x 833 (11th Cir. 2014) (same)); *Wynn v. United States,* 135 S. Ct. 2945 (2015) (vacating order in *Wynn v. United States,* No. 13-4167 (6th Cir. Oct. 10, 2014) (same)); *Jones v. United States,* 135 S. Ct. 2944 (2015) (vacating order in *United States v. Jones,* No. 14-2882 (3d. Cir. Feb. 20, 2015) (denying certificate of appealability to appeal denial of§ 2255 motion)).

[15] For initial § 2255 petitions, like that at issue here, any court, including the district court, can decide whether a case is retroactively applicable on collateral review. The Supreme Court itself does not have to make the case retroactive. *See United States v. Curtis,* 294 F.3d 841 (7th Cir. 2002); *United States v. Thomas,* 627 F.3d 534, 536-37 (4th Cir. 2010) (collecting cases).

[16] *See Danforth v. Minnesota,* 552 U.S. 264,266 (2008) ("New constitutional rules announced by [the Supreme] Court that [are substantive] must be applied in ... all federal habeas corpus proceedings."); *Davis v. United States,* 131 S. Ct. 2419, 2430 (2011) (retroactivity is a "categorical matter"). In *Teague v. Lane,* 489 U.S. 288 (1989), the Court held that new rules must be applied retroactively to all "similarly situated" defendants. *Id.* at 316. Defendants are "similarly situated" when they are at the same stage ( direct review or collateral review) and rely on the same new rule. *Id.* at 315.

class of defendants because of their status or offenses,"' and thus apply retroactively in

Guidelines cases); *Brown v. Caraway,* 719 F.3d 583, 594-95 (7th Cir. 2013)(same);

*ReinaRodriguez v. United States,* 655 F.3d 1182, 1189 (9th Cir. 2011)(holding that decision

limiting the definition of burglary under the ACCA is substantive because "it altered the conduct

that substantively qualifies as burglary," and thus applies retroactively in Guidelines cases);

*Rozier v. United States,* 701 F.3d 681 (11th Cir. 2012)(taking it "as a given, that the Supreme

Court's" decision narrowing the ACCA's elements clause "is retroactively applicable" in

Guidelines cases).[17]

      The courts of appeals have followed the same approach regarding the rule announced in

*Johnson.* The Seventh Circuit held in an ACCA case that by "prohibit[ing] 'a certain category of

punishment for a class of defendants because of their status,"' *Johnson* "announced a new

substantive rule" that is "categorically retroactive," *Price v. United States,* 795 F.3d 731, 734

(7th Cir. 2015), and has since authorized numerous second or successive§ 2255 motions in

Guidelines cases because *"Johnson* announced a new substantive rule of constitutional law" that

is "categorically retroactive." *Stork v. United States,* No. 15-2687, slip op. at 1 (7th Cir. Aug. 13,

2015); *see also Best v. United States,* No. 15-2417, slip op. at 1-2 (7th Cir. Aug. 5, 2015);

*Swanson v. United States,* No. 15-2776, slip op. at 1 (7th Cir. Sept. 4, 2015); *Zollicoffer v. United

States,* No. 15-3125, slip op. at 1 (7th Cir. Oct. 20, 2015); *Spells v. United States,* No. 15-3252,

slip op. at 1 (7th Cir. Oct. 22, 2015). The Eleventh Circuit held in a Guidelines case that *Johnson*

is substantive because "it narrowed the scope of section 924(e) by interpreting its terms" and

"narrowed the class of people who are eligible for an increased sentence under the [ACCA],"

---

[17] *Cf United States v. McLamb,* 1996 WL 79438 *3 n.4 (4th Cir. 1996) *("Teague* does not bar the retroactive application on collateral review of a decision concerning the reach of a federal statute, or as here, a sentencing guideline."); *Oliver v. United States,* 90 F.3d 177, 179 & n.2 (6th Cir. 1996) (holding that decision requiring courts to calculate guideline range based on actual weight of harvested marijuana plants was "not barred by *Teague"* because it did not announce a "rule of criminal procedure").

*In re Rivero,* 797 F.3d 986, 989 (11th Cir. 2015)(internal citations and punctuation omitted), and noted that if petitioner were "seeking a first collateral review of his sentence, the new substantive rule from *Johnson* would apply retroactively," *id.* at 991.[18] *See also Moring v. United States,* 2016 WL 918050; at *5 (W.D. Tem1. Mar. 8, 2016) (noting that the Sixth Circuit in *In re Watkins,* 310 F.3d at 383, held that the Supreme Court "made *Johnson's* rule categorically retroactive on collateral review," and that although *Watkins* was an ACCA case, "the Sixth Circuit has treated the 'identically worded' residual clause of U.S.S.G. § 4Bl.2(a)(2) like the residual clause of the ACCA," and had "made no distinction" between *Williams,* an ACCA case, and *Rivero,* a Guidelines case, in rejecting their conclusions that the Supreme Court had not made *Johnson* retroactive).  This District has stated the invalidation of the guideline's residual clause pursuant to *Johnson* is a substantive rule that must apply retroactively. *United States v. Ramirez,* No. 10-10008-WGT, 2016 WL 3014646, at *9 (D Mass. May 24, 2016). Johnson therefore applies retroactively to this case.


IV.  **This motion is timely under 28 U.S.C. § 2255(f)(3)**

This motion is also timely under 28 U.S.C. § 2255(f)(3), which provides for a one-year limitations period to run from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

The Supreme Court decided *Johnson* on June 26, 2015, and Mr. Thompson filed his claim within a year of that date. As discussed above, the Supreme Court recognized a new right

---

[18] The Eleventh Circuit held, however, that the Supreme Court had not "made" *Johnson* retroactive for purposes of a second or successive motion. *Id.* at 989-90.

in *Johnson,* and announced a substantive rule that is therefore retroactive to cases on collateral review.

## CONCLUSION

For the reasons set forth above, Mr. Thompson respectfully asks this Court to vacate his sentence and schedule a new hearing so that he can be re-sentenced without the 2K2.1(a)(4)(A) offense level enhancement.



Respectfully Submitted
Phillip Thompson,
By and through counsel,


Dated:          June 23, 2016          /s/ Paul J. Garrity
                                       Paul J. Garrity
                                       Bar No: 905
                                       14 Londonderry Road
                                       Londonderry, NH 03053
                                       (603) 434-4106


CERTIFICATE OF SERVICE

I, Paul J. Garrity, hereby certify that on this 23rd day of June, 2016 the motion with was e-filed (electronically serviced through CM/ECF) to all counsels of record.


/s/ Paul J. Garrity